Of Counsel:
FUKUNAGA MATAYOSHI CHING & KON-HERRERA, LLP

WESLEY H. H. CHING        2896
SHEREE KON-HERRERA        6927
841 Bishop Street, Suite 1200
Honolulu, Hawaii  96813
Telephone:  (808) 533-4300
Facsimile:  (808) 531-7585
Email:       whc@fmhc-law.com
             skh@fmhc-law.com

Attorneys for Defendant
AQUALANI RECREATION TWO CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREA SEGEDI,<br><br>            Plaintiff,<br><br>      vs.<br><br>WESTIN OPERATOR LLC DBA THE WESTIN MAUI HOTEL AND THE SPA AT THE WESTIN MAUI; DOE CORPORATIONS 1-5; DOE ENTITIES 1-5; JOHN DOES 1-5; JANE DOES 1-5,<br><br>            Defendants. | CASE NO. 1:23-cv-00407-DKW-KJM<br><br>DEFENDANT AQUALANI RECREATION TWO CORPORATION'S ANSWER TO THIRD-PARTY COMPLAINT, FILED 01/26/2024; COUNTERCLAIM AGAINST THIRD-PARTY PLAINTIFF WESTIN OPERATOR LLC; CERTIFICATE OF SERVICE |
| WESTIN OPERATOR LLC,<br><br>            Third-Party Plaintiff,<br><br>      vs. | |

1

AQUALANI RECREATION TWO
CORPORATION,

        Third-Party Defendant.

_____

DEFENDANT AQUALANI RECREATION TWO CORPORATION'S ANSWER TO THIRD-PARTY COMPLAINT, FILED 01/26/2024

        Defendant Aqualani Recreation Two Corporation ("Aqualani"), by and through its attorneys, Fukunaga Matayoshi Ching & Kon-Herrera LLP, hereby answers Third-Party Plaintiff Westin Operator LLC's ("Plaintiff") Third-Party Complaint, filed January 26, 2024 ("Complaint"), as follows:

FIRST DEFENSE

        1.    The Complaint fails to state a claim against Aqualani upon which relief can be granted.

SECOND DEFENSE

        2.    Aqualani is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 and 2 of the Complaint.

        3.    Aqualani admits the allegations in paragraph 3 of the Complaint.

        4.    Aqualani is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. In response to paragraphs 5, 6, 7, 8, 9, 10 and 11 of the Complaint, Aqualani admits it entered into an Agreement with Maui Operating LLC, as Owner of The Westin Maui Resort & Spa by Westin Operator, LLC, its Manager, on or around November 12, 2020, which Agreement speaks for itself.

6. In response to paragraph 12 of the Complaint, Aqualani admits it obtained a Crum & Forster commercial general liability insurance policy, which policy speaks for itself.

7. In response to paragraph 13 of the Complaint, Aqualani admits the Plaintiff filed a First Amended Complaint on February 14, 2023, which First Amended Complaint speaks for itself.

8. Aqualani admits the allegations in paragraph 14 of the Complaint, based on this court's case docket.

9. In response to paragraphs 15, 16 and 17 of the Complaint, Aqualani states the First Amended Complaint speaks for itself.

10. In response to paragraph 18 of the Complaint, Aqualani states that Westin's Answer to the First Amended Complaint speaks for itself.

11. Aqualani denies the allegations in paragraph 19 of the Complaint.

12. Aqualani is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 20, 21, 22, and 23 of

3

the Complaint, and therefore denies the same and leaves Third Party Plaintiff to its proof at trial.

13. Aqualani admits the allegations in paragraph 24 of the Complaint based on the pleadings filed in this action.

14. In response to paragraph 25 of the Complaint, Aqualani realleges and incorporates by reference its answers to the allegations contained in paragraphs 1-24.

15. Aqualani denies the allegations in paragraphs 26, 27 and 28 of the Complaint.

16. In response to paragraph 29 of the Complaint, Aqualani realleges and incorporates by reference its answers to the allegations contained in paragraphs 1-28.

17. Aqualani denies the allegations in paragraphs 30, 31, 32, and 33 of the Complaint.

18. Aqualani denies any and all remaining allegations of the Complaint not specifically answered above.

THIRD DEFENSE

19. Plaintiff have failed to name indispensable and/or permissive parties to this action.

## FOURTH DEFENSE

20. Plaintiff was aware of and voluntarily assumed a risk which was a proximate cause of the injuries and damages of which Plaintiff complains.

## FIFTH DEFENSE

21. Aqualani did not owe any duty to Plaintiff, and even assuming such a duty existed, Aqualani did not breach said duty.

## SIXTH DEFENSE

22. The alleged fault or misconduct of Aqualani was not a proximate or legal cause of or a substantial factor in causing the injuries and damages as alleged in the Plaintiff's Complaint.

## SEVENTH DEFENSE

23. If Plaintiff incurred any injuries and damages as alleged in the Complaint, such injuries and damages were caused by the actions or omissions of other persons or entities over which Aqualani had no control or duty, and not by the actions or omissions of Aqualani.

## EIGHTH DEFENSE

24. If Plaintiff incurred any injuries and damages as alleged in the Complaint, such damages were caused by an act of God or by natural and unavoidable causes or pre-existing conditions beyond the control of Aqualani.

NINTH DEFENSE

25. If Plaintiff incurred any injuries and damages as alleged in the Complaint, such damages were not reasonably foreseeable by Aqualani.

TENTH DEFENSE

26. Plaintiff has failed to mitigate her damages.

ELEVENTH DEFENSE

27. Aqualani affirmatively alleges that Plaintiff' claims, in whole or in part, are barred by the equitable doctrines of set off, off set, waiver, estoppel and/or unclean hands.

TWELFTH DEFENSE

28. Aqualani gives notice that it intends to rely upon the defense that Third Party Plaintiff's own breach, default or other failure excuses Aqualani from performance under the subject Agreement.

THIRTEENTH DEFENSE

29. The claims for relief in Plaintiff's Complaint are barred by the defenses of Plaintiff's contributory and/or comparative negligence.

FOURTEENTH DEFENSE

30. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or laches.

## FIFTEENTH DEFENSE

31. Aqualani asserts the defense of lack of privity of contract.

## SIXTEENTH DEFENSE

32. Aqualani asserts the defense of lack of standing.

## SEVENTEENTH DEFENSE

33. Plaintiff' recovery in this action, if any, should be reduced in accordance with Section 663-31 of the Hawaii Revised Statutes.

## EIGHTEENTH DEFENSE

34. Aqualani asserts the defense of superseding and/or intervening causes.

## NINTEENTH DEFENSE

35. Aqualani asserts the defenses of express and/or implied assumption of risk.

## TWENTIETH DEFENSE

36. Aqualani intends to rely upon and hereby assert all affirmative defenses available pursuant to Rule 8 of the Federal Rules of Civil Procedure.

## TWENTY-FIRST DEFENSE

37. Aqualani intends to rely on any and all other affirmative defenses, the applicability of which may be disclosed after further investigation and/or discovery in this action.

WHEREFORE, Defendant Aqualani Recreation Two Corporation prays for relief as follows:

A. That Plaintiff's Complaint against Aqualani be dismissed with prejudice and that Aqualani be awarded its attorneys' fees and costs.

B. If it should be determined that Aqualani and/or any other person or entity were negligent or responsible or at fault, that the relative degree of negligence or responsibility or fault of each be determined in accordance with applicable law, and that Aqualani have judgment or the court apportion the entire negligence or responsibility or fault against any other party, person or entity, and that judgment be entered, as appropriate, for contribution and indemnification in accordance with law.

C. That the Court award Aqualani such other and further relief as it deem just and equitable in the premises.

Dated: Honolulu, Hawaii, February 29, 2024.

/s/ Wesley H. H. Ching
WESLEY H.H. CHING
SHEREE KON-HERRERA
Attorneys for Defendant
AQUALANI RECREATION TWO CORPORATION